**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

<u>United States</u>

    v.                                          Civ. No. 10-cv-590-LM

<u>J.A. Greenwood Roofing</u>

**O R D E R**

On December 21, 2010, Plaintiff brought this action to enforce civil penalties totaling $25,035.05 levied against J.A. Greenwood Roofing, a business located at 6 Kimball Road in Londonderry, New Hampshire (doc. no. 1).  On January 31, 2011, plaintiff filed a "Notification of Service" (doc. no. 4) indicating that a summons, complaint, notice of assignment to magistrate judge, and notice to file electronically, were "personally served" on defendant roofing company on January 19, 2011.  The certificate of service filed with that notice indicated that service was made by "delivering to and leaving with J.A. Greenwood Roofing personally a true copy thereof, said person being known or identified to me as the person mentioned and described therein."  Doc. No. 4 at p. 1.

On February 10, 2011, John Greenwood, on behalf of defendant, filed an answer to the complaint (doc. no. 5).  In the answer Mr. Greenwood denied the assertion in the complaint

that "defendant is J.A. Greenwood Roofing with its principal place of business at 6 Kimball Road, Londonderry, New Hampshire 03053-9999." The answer stated that "[d]efendant served is John A. Greenwood, a person who resides at 6 Kimball Road, Londonderry, New Hampshire 03053." Doc. No. 5 at p. 1.

On February 17, 2011, an order was issued directing that counsel for defendant appear in the matter by March 10, 2011, pursuant to United States District Court District of New Hampshire Local Rule ("LR") 83.6(c) (doc. no. 7). That rule prohibits a "corporation, unincorporated association, or trust" from appearing in this court pro se. See LR 83.6(c). On March 24, 2011, this court vacated the February 17, 2011 order, and issued an order (doc. no. 8) directing plaintiff to show that adequate service had been made on defendant. Specifically, plaintiff was directed to demonstrate that the individual served with the complaint in this case was the proper recipient of service for the defendant. The court deferred ruling on whether or not defendant is a corporation or other entity that must be represented by counsel in this court until such time as the court could determine whether or not service had been properly made. Doc. No. 8.

On April 12, 2011, plaintiff filed its response (doc. no. 9) to the March 24 order. In its response, plaintiff asserts

that: (1) In the underlying civil matter, John Greenwood identified himself as the owner of J.A. Greenwood Roofing; (2) the notice of penalties imposed against the roofing company was sent to 6 Kimball Road in Londonderry, and was signed for by "J. Greenwood" at that address; (3) J.A. Greenwood Roofing is not registered as a corporation with the Secretary of State for the State of New Hampshire; and (4) internet searches reveal that J.A. Greenwood Roofing and John Greenwood share the same address.  Plaintiff concludes that "J.A. Greenwood Roofing and John Greenwood, as an individual, are one and the same, and that John Greenwood is the proper party for service in this action." Doc. No. 9.

**Discussion**

I.   Service of Process

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."  Henderson v. United States, 517 U.S. 654, 672 (1996); see Libertad v. Welch, 53 F.3d 428, 440 (1st Cir. 1995) ("root purpose underlying service of process is to ensure that a defendant receives fair notice of the suit and adequate opportunity to protect her interests") (internal citation omitted)).  The procedures employed to obtain

this purpose are set forth in Rule 4 of the Federal Rules of Civil Procedure ("Rule 4").

Rule 4 identifies what constitutes proper service of both business and individual defendants in civil actions.  See generally Fed. R. Civ. P. 4.  The requirements for serving an individual with a federal civil action are set forth in Rule 4(e).  The requirements for serving a "corporation . . . partnership or other unincorporated association that is subject to suit under a common name" are set forth in Rule 4(h).  Mr. Greenwood is an individual, and, while J.A. Greenwood Roofing is not a corporation registered with the state, the court cannot at this time definitively determine that J.A. Greenwood Roofing is neither a partnership nor an unincorporated association of some type.  As explained herein, the court now finds that whether defendant roofing company is properly considered to be an individual, partnership or "other incorporated association," service has been properly made under Rule 4.

A.   Service on Individual Under Rule 4(e)

Service on an individual in this district may be accomplished by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in New

Hampshire[1]; (2) delivering a copy of the summons and complaint to the individual personally, leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age and discretion who resides there; or (4) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service on the individual's behalf.  See Fed. R. Civ. P. 4(e).  The defendant company, if it is in fact an unincorporated sole proprietorship, is the same entity as John Greenwood, the owner of the company.  Mr. Greenwood personally received service at his residence, and such service was proper and sufficient to give defendant notice of this action and an opportunity to respond.

    B.    Service on Business Entity Under Rule 4(h)(1)

Service on a partnership or other unincorporated association in this district may be accomplished: (1) in the manner prescribed for serving an individual under Rule 4(e)(1) which allows service to be made by following state law for service on an individual[2]; or (2) by delivering a copy of the summons and complaint to "an officer, a managing or general

---

    [1]Service of a civil action in New Hampshire state courts is governed by N.H. Rev. Stat. Ann. § 510:2, which states that "[a]ll writs and other processes shall be served by giving to the defendant or leaving at his abode an attested copy thereof, . . . ."

    [2]See n. 1, supra.

agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statue so requires – by also mailing a copy of each to the defendant." See Fed. R. Civ. P. 4(h)(1). Here, Mr. Greenwood, even if not identifiable as the business entity for purposes of service, is the owner of that company and thus may be considered an officer or agent of the company. Accordingly, personal service on Mr. Greenwood constituted proper service upon J.A. Greenwood Roofing under Fed. R. Civ. P. 4(h)(1), to the extent that statute is applicable here.[3]

## II. Self-Representation

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. A corporation, unincorporated association, or trust, however, cannot appear pro se in any proceeding or action in this court. LR 83.6(c). An individual who is simply conducting business under a business name may appear on his own behalf, either under his own name or "d/b/a." See Battle Foam, LLC v. Brian Wade, d/b/a Outrider Hobbies, Civ. No. 10-cv-116-SM, 2010 WL 2629559, at *5 (D.N.H. 2010) (citing Centrifugal

---

[3] Because the court finds that service has been properly made on defendant, the court need not address whether Mr. Greenwood's actions in this case could constitute a waiver of formal service.

6

Force, Inc. v Softnet Commc'n, Inc., 2009 WL 1059647, at *1 n.1 (S.D.N.Y. 2009) (sole proprietor doing business under "alter ego" business name can appear pro se under either his name or under his "d/b/a" business name)).

J.A. Greenwood Roofing is a business entity of some type owned by Mr. Greenwood and operated out of his personal residence. The record, at this nascent stage of the proceedings, suggests that John Greenwood is an individual. The roofing company has not been registered with the state as a corporate entity, and nothing in the record suggests that J.A. Greenwood Roofing is a corporation, unincorporated association, or trust required to be represented by counsel in this court. However, without a definite statement as to the nature of the business entity J.A. Greenwood Roofing, the court cannot definitively determine whether or not LR 83.6(c), requiring certain business entities to be represented by counsel, applies.

If John Greenwood is a sole proprietor doing business as ("d/b/a") J.A. Greenwood Roofing, Mr. Greenwood, in appearing here on behalf of J.A. Greenwood Roofing, is in fact representing his own interests and may continue to appear pro se in this matter.[4] If, however, J.A. Greenwood Roofing is an

---

[4] Of course, nothing prevents an individual or sole proprietor from obtaining counsel to litigate this matter.

7

unincorporated association or trust, pursuant to LR 83.6(c), the company must be represented in this court by counsel.

John Greenwood is directed to show cause why the court should not require defendant to be represented by counsel in this matter. Mr. Greenwood must file a notice in this court, within ten days of the date of this order, stating the nature of the business entity "J.A. Greenwood Roofing." Specifically, Mr. Greenwood must state whether J.A. Greenwood Roofing is a sole proprietorship, or whether it is an unincorporated association or trust, so the court can determine whether LR 83.6(c) applies to require defendant to be represented by counsel in this action.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: May 9, 2011

cc: Michael T. McCormack, Esq.
John Greenwood, pro se